Jeannette A. Vaccaro, SBN 287129
Law Office of Jeannette A. Vaccaro
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237
jv@jvlaw.com

Attorneys for Plaintiff ROSALIE A. MARCIC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| ROSALIE A. MARCIC,<br><br>Plaintiff,<br><br>v.<br><br>ARCHDIOCESE OF SAN FRANCISCO, a form unknown,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

PLAINTIFF ROSALIE A. MARCIC COMPLAINS AND ALLEGES AS FOLLOWS:

**I.**

**JURISDICTION AND VENUE**

1.     Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et. seq.,* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq*.

2.     This Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this District because the acts and omissions alleged herein were committed in the Northern District of California.

///

///

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

1

COMPLAINT FOR DAMAGES

## II.

## THE PARTIES

4. Plaintiff is a resident and citizen of the State of California. She was born in 1971.

5. Defendant, Archdiocese of San Francisco, a form unknown, was Plaintiff's employer. At all material times Defendant acted through agents and employees who at all material times acted within the course and scope of their agency and employment for Defendant.

## III.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed this action after receiving a right to sue letter from the appropriate administrative agencies.

## IV.

## FACTUAL ALLEGATIONS

7. Plaintiff began volunteering at St. Peter's Catholic School in 1997 when her daughter started in kindergarten there. Plaintiff volunteered from 1997-1999, then full-time from late 2001 to August 2003.

8. Plaintiff's employment with Defendant spanned roughly 17 years from August 2003 until December 10, 2020, when she was terminated.

9. During Plaintiff's long tenure, she worked as a Childcare Aid, Crossing Guard, Yard Supervisor, Cafeteria Assistant, Office Helper, Classroom Aid, and helped supervise the Parish Hall.

10. Plaintiff was an exemplary employee who received praise from her supervisors, co-workers, students, and parents. She also consistently received increases in compensation and benefits from Defendant in recognition of her many contributions.

11. In 2008, Plaintiff suffered an on the job injury, which caused serious injury to her knees and legs.

12. On January 17, 2020, Plaintiff suffered another on the job injury, which exacerbated her knee condition, and caused injury to her back.

13. Plaintiff worked from home from approximately March 2020-June 2020 due to the

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

2

COMPLAINT FOR DAMAGES

COVID-19 pandemic.

14.    In June and July 2020, Plaintiff fell several times due to her knee condition, which required surgery.

15.    Plaintiff requested and took job protected medical leave beginning August 17, 2020. Plaintiff was never advised of her rights under the FMLA or provided with the required FMLA notices.

16.    In late August, Plaintiff suffered a pulmonary embolism as a complication from her knee surgery. She stayed in the hospital for 11 days.

17.    On November 3, 2020, Plaintiff submitted a doctor's note requesting modified duty until December 15, 2020. Instead of discussing Plaintiff's need for accommodations and return to work, Defendant continued Plaintiff's leave.

18.    On November 30, 2020, Plaintiff submitted a new doctor's note for modified duty until January 29, 2021.

19.    Instead of discussing Plaintiff's need for accommodations and return to work, on December 3, 2020, Plaintiff received a letter terminating her employment, effective December 10, 2020.

20.    In that letter Plaintiff was advised that her job protected medical leave ended on November 17, 2020. Plaintiff was further advised to contact Defendant if she had a disability requiring accommodations.

21.    Plaintiff contacted Defendant twice on December 4 to discuss her termination and potential accommodations that could help her remain employed, but she was told that the decision was final, and nothing could be done to accommodate her.

**V.**

**STATEMENT OF CLAIMS**

**CLAIM ONE**

**(Disability Discrimination – ADA)**

22.    Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

COMPLAINT FOR DAMAGES

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

23. Plaintiff is and at all material times was a "qualified individual with a disability" within the meaning of the ADA. Plaintiff was limited in her major life activities, had a record of such limitations, and was regarded or perceived by Defendants as having such limitations.

24. Defendant is a covered employer to which the ADA applies.

25. Plaintiff was subjected to disability discrimination by Defendant in one or more of the following particulars:

    a. Plaintiff was denied the interactive process;

    b. Plaintiff was denied reasonable accommodations;

    c. Plaintiff was terminated.

26. A motivating factor in Defendant's conduct as alleged above was Plaintiff's disability/perceived disability.

27. As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered economic loss in an amount to be proven at trial. Plaintiff has also suffered emotional distress all to her non-economic loss in an amount to be proven at trial. Plaintiff is reasonably certain to continue to suffer these damages in the future.

28. Defendant's acts as described herein were in intentional disregard of the statutory rights of Plaintiff, in reckless disregard of Defendant' societal obligations, and committed with conscious indifference to the health, safety and welfare of Plaintiff. Plaintiff should be assessed punitive damages in such amount as may be found appropriate by a jury based on the evidence presented at trial to punish Defendant and to deter Defendant and others from similar conduct in the future.

29. Plaintiff should be awarded her reasonable attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §12205.

## CLAIM TWO

### (Failure to Engage in the Interactive Process – ADA)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff is and at all material times was a "qualified individual with a disability"

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

4

COMPLAINT FOR DAMAGES

within the meaning of the ADA. Plaintiff was limited in her major life activities, had a record of such limitations, and was regarded or perceived by Defendants as having such limitations.

32. Defendant is a covered employer to which the ADA applies.

33. Defendant violated the ADA when it failed and refused to engage in the interactive process with Plaintiff as required by the ADA.

34. A motivating factor in Defendant's conduct as alleged above was Plaintiff's disability/perceived disability.

35. As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered economic loss in an amount to be proven at trial. Plaintiff has also suffered emotional distress all to her non-economic loss in an amount to be proven at trial. Plaintiff is reasonably certain to continue to suffer these damages in the future.

36. Defendant's acts as described herein were in intentional disregard of the statutory rights of Plaintiff, in reckless disregard of Defendant' societal obligations, and committed with conscious indifference to the health, safety and welfare of Plaintiff. Plaintiff should be assessed punitive damages in such amount as may be found appropriate by a jury based on the evidence presented at trial to punish Defendant and to deter Defendant and others from similar conduct in the future.

37. Plaintiff should be awarded her reasonable attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §12205.

**CLAIM THREE**

**(Failure to Provide Reasonable Accommodations – ADA)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff is and at all material times was a "qualified individual with a disability" within the meaning of the ADA. Plaintiff was limited in her major life activities, had a record of such limitations, and was regarded or perceived by Defendants as having such limitations.

40. Defendant is a covered employer to which the ADA applies.

41. Defendant violated the ADA when it failed and refused to provide Plaintiff with

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

COMPLAINT FOR DAMAGES

reasonable accommodations for her disability.

42.    A motivating factor in Defendant's conduct as alleged above was Plaintiff's disability/perceived disability.

43.    As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered economic loss in an amount to be proven at trial. Plaintiff has also suffered emotional distress all to her non-economic loss in an amount to be proven at trial. Plaintiff is reasonably certain to continue to suffer these damages in the future.

44.    Defendant's acts as described herein were in intentional disregard of the statutory rights of Plaintiff, in reckless disregard of Defendant' societal obligations, and committed with conscious indifference to the health, safety and welfare of Plaintiff. Plaintiff should be assessed punitive damages in such amount as may be found appropriate by a jury based on the evidence presented at trial to punish Defendant and to deter Defendant and others from similar conduct in the future.

45.    Plaintiff should be awarded her reasonable attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §12205.

## CLAIM FOUR

### (FMLA Discrimination/Retaliation)

46.    Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.    At all material times, Plaintiff was entitled to family medical leave for her serious health condition(s) under the FMLA.

48.    Defendant is a covered employer to which the FMLA applies.

49.    Plaintiff took FMLA protected leave starting August 17, 2020.

50.    Defendant discriminated and retaliated against Plaintiff for taking FMLA leave when it terminated her employment, refused to return her to work, and refused to engage in the interactive process and provide reasonable accommodations to her, among other things.

51.    Plaintiff's use of leave was a motivating factor in Defendant's conduct as alleged above.

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

6

COMPLAINT FOR DAMAGES

52.     As a direct and proximate result of Defendant's interference, retaliation, and discrimination, Plaintiff has suffered lost income and will continue to suffer lost income, including prejudgment interest, all to her economic damages, including back pay in an amount to be determined at the time of trial. Plaintiff also requests equitable relief in the form of an award of front, or in the alternative reinstatement if feasible.

53.     Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A) and prejudgment interest.

54.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney fees, expert fees, and costs incurred herein

## CLAIM FIVE

### (FMLA Interference)

55.     Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56.     At all material times, Plaintiff was entitled to family medical leave for her serious health condition(s) under the FMLA.

57.     Defendant is a covered employer to which the FMLA applies.

58.     Plaintiff took FMLA protected leave starting August 17, 2020.

59.     Defendant interfered with Plaintiff's protected leave by, among other things, failing to provide her with the required FMLA notice of her rights, and discriminating and retaliating against her as set forth above.

60.     As a direct and proximate result of Defendant's interference, retaliation, and discrimination, Plaintiff has suffered lost income and will continue to suffer lost income, including prejudgment interest, all to her economic damages, including back pay in an amount to be determined at the time of trial. Plaintiff also requests equitable relief in the form of an award of front, or in the alternative reinstatement if feasible.

61.     Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A) and prejudgment interest.

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

7

COMPLAINT FOR DAMAGES

62.    Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney fees, expert fees, and costs incurred herein.

### CLAIM SIX

### (Age Discrimination - ADEA)

63.    Plaintiff realleges and incorporates by reference paragraphs 1 through 62 as if fully set forth herein.

64.    Plaintiff was 49 years old at the time of her termination.

65.    Defendant is a covered employer to which the ADEA applies.

66.    Defendant's conduct as alleged above was because of Plaintiff's age. Plaintiff was replaced by a substantially younger person.

67.    As a direct and proximate result of Defendant's violations of Plaintiff's civil rights, Plaintiff has suffered economic loss in an amount to be proven at trial. Plaintiff has also suffered emotional distress all to her non-economic loss in an amount to be proven at trial. Plaintiff is reasonably certain to continue to suffer these damages in the future.

68.    Plaintiff is entitled to the rights and remedies at law provided by 29 U.S.C. § 216(b) and § 626(b), including lost back pay, retroactive fringe benefits, front pay, prejudgment interest, reasonable attorneys' and expert witness fees, costs, and such other injunctive relief as the Court deems appropriate.

69.    Defendant's violation of the ADEA was willful and Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).

### VI.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment and the following specific relief against Defendant as follows:

1.    For economic compensatory damages in an amount to be determined at trial;

2.    For non-economic compensatory damages in an amount to be determined at trial;

3.    For prejudgment and postjudgment interest at the statutory rate;

4.    For punitive damages in an amount to be determined at trial;

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

8

COMPLAINT FOR DAMAGES

5. For liquidated damages under the FMLA and ADEA;

6. For equitable relief, including but not limited to, an award of front pay in lieu of reinstatement;

7. For injunctive and/or declaratory relief pursuant to federal law;

8. For Plaintiff's reasonable attorneys' fees and costs pursuant to federal law;

9. For other relief the Court deems just, proper, and equitable.

Dated: November 14, 2022    LAW OFFICE OF JEANNETTE A. VACCARO


By:    _/s/Jeannette A. Vaccaro_____
       JEANNETTE A. VACCARO
       Attorneys for Plaintiff ROSALIE A. MARCIC


### **JURY TRIAL DEMANDED**

Plaintiff, ROSALIE A. MARCIC, hereby demands a trial by jury.


Dated: November 14, 2022    LAW OFFICE OF JEANNETTE A. VACCARO


By:    _/s/Jeannette A. Vaccaro_____
       JEANNETTE A. VACCARO
       Attorneys for Plaintiff ROSALIE A. MARCIC

Law Office of
Jeannette A. Vaccaro
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
Tel: (415) 444-5800
Fax: (415) 366-3237

9

COMPLAINT FOR DAMAGES