PETER O. GLAESSNER, State Bar No. 93830
pglaessner@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorneys for Defendant
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole (erroneously sued as ARCHDIOCESE OF SAN FRANCISCO)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSALIE A. MARCIC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARCHDIOCESE OF SAN FRANCISCO,<br><br>　　　　Defendants. | Case No. 3:22-cv-07130-LB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Hon. Laurel Beeler |

Defendant THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole, (erroneously sued herein as Archdiocese of San Francisco) hereby responds to plaintiff's complaint here in as follows:

**JURISDICTION AND VENUE**

1. In answer to Paragraph 1, defendant admits plaintiff is suing under these statutes, but denies it violated such statutes.

2. In answer to Paragraph 2, defendant admits a lawsuit filed alleging these statutes that provides original jurisdiction.

3. In answer to Paragraph 3, defendant admits venue is proper but denies the remaining allegations of this paragraph.

///

**THE PARTIES**

4. In answer to Paragraph 4, defendant lacks information as to plaintiff's current residency or citizenship, and therefore denies this because of lack of information and belief.

5. In answer to Paragraph 5, defendant admits that it acted as plaintiff's employer during certain time periods alleged in the complaint, and that the actions taken by its employees and agents were within their authority. Except as admitted, defendant denies the remaining allegations of this paragraph, if any.

**ADMINISTRATIVE EXHAUSTION**

6. In answer to Paragraph 6, defendant admits plaintiff exhausted administrative remedies as to her disability-based claims, but denies she exhausted administrative remedies as to her FMLA-based claims.

**FACTUAL ALLEGATIONS**

7. In answer to Paragraph 7, defendant lacks sufficient knowledge or information regarding these allegations and on that basis denies such allegations.

8. In answer to Paragraph 8, defendant admits plaintiff worked in various positions during this time period, though at various periods (e.g. summers) she was not employed by defendant.

9. In answer to Paragraph 9, defendant admits plaintiff had various responsibilities listed, but denied these were necessarily specific positions, and alleges that certain duties overlapped at times. Except as expressly admitted, defendant denies the remaining allegations of this paragraph.

10. In answer to Paragraph 10, defendant alleges plaintiff was not regularly evaluated and no evaluation describing her as "exceptional" appears in her personnel file. She was not given merit-based increases but got certain salary increases provided to all employees, identified as "equity" increases or COLA increases. Except as expressly admitted, the remaining allegations of this paragraph are denied for lack of knowledge or information.

11. In answer to Paragraph 11, defendant was diagnosed with a left knee sprain in February, 2008, and filed a claim for worker's compensation. Except as admitted, defendant

denies the remainder of this claim if any.

12. In answer to Paragraph 12, defendant admits plaintiff reported a work-related injury to her back in January, 2020, and filed a worker's compensation claim. Except as expressly admitted, defendant denies the remaining allegations of this paragraph.

13. In answer to Paragraph 13, defendant admits that plaintiff was at home during the first few months of the COVID pandemic, but denies she worked from home, except for sporadic, minimal work. However, she was paid, as were other employees, during the early months of COVID while the school remained closed. Except as expressly admitted, defendant denies the remaining allegations of this paragraph, if any.

14. In answer to Paragraph 14, defendant admits it learned plaintiff fell once, in front of her residence in June, 2020, and had surgery for repair of a quadriceps tendon rupture in July, 2020. Except as expressly admitted, defendant denies the remaining allegations of this paragraph.

15. In answer to Paragraph 15, defendant admits it designated plaintiff for FMLA from August 17, 2020 through November 17, 2020. Except as expressly admitted, the remaining allegations of this paragraph are denied.

16. In answer to Paragraph 16, defendant admits it was informed plaintiff had suffered a pulmonary embolism and was hospitalized for it in August, 2020. Except as admitted, the remaining allegations of this paragraph are denied for lack of information or knowledge.

17. In answer to Paragraph 17, defendant admits it received a doctor's note (though not written by a doctor) dated November 3, 2020. A true and correct copy of that document is attached as Exhibit A. Except as admitted, defendant denies the remaining allegations of this paragraph.

18. In answer to Paragraph 18, defendant admits it received a doctor's note dated November 30, 2020. A true and correct copy of that document is attached as Exhibit B. Except as admitted, defendant denies the remaining allegations of this paragraph.

19. In answer to Paragraph 19, defendant admits it had communicated with plaintiff on numerous occasions regarding her ability work, or anticipated return date, and that plaintiff had communicated she could not work, and was unable to provide any anticipated return to work date;

1  rather, she asked if her daughter could be employed to do her work. Except as expressly admitted,
2  the allegations of this paragraph are denied.

3        20.    In answer to Paragraph 20, defendant admits plaintiff's FMLA leave ended on
4  November 17, 2020 and that she was then transitioned to discretionary unpaid leave. After
5  defendant received the doctor's note dated November 30, 2020, plaintiff was then informed her
6  discretionary leave would not be further extended and she was terminated effective December 10,
7  2020. Defendant admits the December 3, 2020 letter contains the words alleged, but denies this
8  was the sole communication on such subjects; rather, it was simply the final communication
9  concerning FMLA or discretionary leave. Except as expressly admitted, the remaining allegations
10 of this paragraph are denied, if any.

11       21.    In answer to Paragraph 21, defendant admits there were communications with
12 plaintiff regarding her termination but denies the remainder of the allegations in this paragraph.

13 **FIRST CLAIM**

14       22.    In answer to Paragraph 22, defendant incorporates by reference its admissions and
15 denials of Paragraph 1-21, inclusive.

16       23.    In answer to Paragraph 23, defendant denies the allegations of this paragraph.

17       24.    In answer to Paragraph 24, defendant admits that for purposes of this action only it
18 is a covered employer, without admitting this for all purposes.

19       25.    In answer to Paragraph 25, defendant denies the allegations of this paragraph.

20       26.    In answer to Paragraph 26, defendant denies the allegations of this paragraph.

21       27.    In answer to Paragraph 27, defendant denies the allegations of this paragraph.

22       28.    In answer to Paragraph 28, defendant denies the allegations of this paragraph.

23       29.    In answer to Paragraph 29, defendant denies the allegations of this paragraph.

24 **SECOND CLAIM**

25       30.    In answer to Paragraph 30, defendant incorporates by reference its admissions and
26 denials of Paragraphs 1-29, inclusive.

27       31.    In answer to Paragraph 31, defendant denies the allegations of this paragraph.

28       32.    In answer to Paragraph 32, defendant admits that for purposes of this action only it

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

is a covered employer, without admitting this for all purposes.

33. In answer to Paragraph 33, defendant denies the allegations of this paragraph.

34. In answer to Paragraph 34, defendant denies the allegations of this paragraph.

35. In answer to Paragraph 35, defendant denies the allegations of this paragraph.

36. In answer to Paragraph 36, defendant denies the allegations of this paragraph.

37. In answer to Paragraph 37, defendant denies the allegations of this paragraph.

### THIRD CLAIM

38. In answer to Paragraph 38, defendant incorporates by reference its admissions and denials of Paragraphs 1-37 inclusive.

39. In answer to Paragraph 39, defendant denies the allegations of this paragraph.

40. In answer to Paragraph 40, defendant admits that for purposes of this action only it is a covered employer, without admitting this for all purposes.

41. In answer to Paragraph 41, defendant denies the allegations of this paragraph.

42. In answer to Paragraph 42, defendant denies the allegations of this paragraph.

43. In answer to Paragraph 43, defendant denies the allegations of this paragraph.

44. In answer to Paragraph 44, defendant denies the allegations of this paragraph.

45. In answer to Paragraph 45, defendant denies the allegations of this paragraph.

### FOURTH CLAIM

46. In answer to Paragraph 46, defendant incorporates by reference its admissions and denials of Paragraphs 1-45 inclusive.

47. In answer to Paragraph 47, defendant denies the allegations of this paragraph.

48. In answer to Paragraph 48, defendant admits for purposes of this action only it is a covered employer, without admitting this for all purposes.

49. In answer to Paragraph 49, defendant denies the allegations of this paragraph.

50. In answer to Paragraph 50, defendant denies the allegations of this paragraph.

51. In answer to Paragraph 51, defendant denies the allegations of this paragraph.

52. In answer to Paragraph 52, defendant denies the allegations of this paragraph.

53. In answer to Paragraph 53, defendant denies the allegations of this paragraph.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

5

ANSWER TO COMPLAINT; JURY DEMAND
3:22-CV-07130-LB

554694.1

54. In answer to Paragraph 54, defendant denies the allegations of this paragraph.

## FIFTH CLAIM

55. In answer to Paragraph 55, defendant incorporates by reference its admissions and denials of Paragraphs 1-54, inclusive.

56. In answer to Paragraph 56, defendant denies the allegations of this paragraph.

57. In answer to Paragraph 57, defendant admits for purposes of this action only it is a covered employer, without admitting this for all purposes.

58. In answer to Paragraph 58, defendant denies the allegations of this paragraph.

59. In answer to Paragraph 59, defendant denies the allegations of this paragraph.

60. In answer to Paragraph 60, defendant denies the allegations of this paragraph.

61. In answer to Paragraph 61, defendant denies the allegations of this paragraph.

62. In answer to Paragraph 62, defendant denies the allegations of this paragraph.

## SIXTH CLAIM

63-69. This claim was dismissed without prejudice.

In addition, as affirmative defenses, this defendant alleges:

## FIRST AFFIRMATIVE DEFENSE

The complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to timely and properly exhaust administrative remedies as required by law and therefore the court lacks jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred in whole or part by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was unable to perform the essential functions of her position, with or without reasonable accommodation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and her agents failed to engage in timely and good faith interactive

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

554694.1

communications process, and her failure excused any further obligation on the part of defendant to continue employing her.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff, and her agents, failed to engage in a timely and good faith interactive process, and her claims are barred by the doctrines of judicial and/or equitable estoppel.

### **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was reasonably accommodated, and her period of medical leave had become indefinite, taking into account her FMLA leave, her discretionary leave, and the uncertainty of when she would be medically released to return to work.

### **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's statements concerning her medical condition, along with her ongoing period of continuous absence placed an unreasonable and undue hardship on the defendant's school.

### **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the ministerial exception, insofar as any verdict or judgment in her favor concerning her termination interferes with defendant's constitutionally-protected right to operate its religious schools and to conduct its religious mission.

### **NINTH AFFIRMATIVE DEFENSE**

Any violation of the FMLA did not actually result in any interference, or denial of benefits afforded to plaintiff by the FMLA.

### **TENTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith regarding all FMLA actions and therefore no liquidated damages are proper.

### **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part by the doctrine of waiver.

### **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to reasonably mitigate her damages, if any.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant would have made the same termination decision because of after-acquired

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

554694.1

1  evidence, and would have made the same decision later, based upon such after-acquired
2  evidence, even if not made previously.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claim for liquidated or punitive damages is barred by the U.S. and California Constitutions as it violates the due process, equal protection and/or excessive fines provisions.

### PRAYER

Defendant THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole, prays as follows:

1. Plaintiff take nothing on her complaint and for a judgment in favor of defendant on all claims;

2. For reasonable attorney's fees, monetary sanctions, and recovery of costs as permitted by law;

3. For other and further relief as the court determines to be just and proper.

DATED: February 9, 2023                ALLEN, GLAESSNER,
                                       HAZELWOOD & WERTH, LLP


                                       By:  /s/ Peter O. Glaessner
                                       PETER O. GLAESSNER
                                       Attorneys for Defendant
                                       THE ROMAN CATHOLIC ARCHBISHOP
                                       OF SAN FRANCISCO, a corporation sole
                                       (erroneously sued as ARCHDIOCESE OF
                                       SAN FRANCISCO)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

Defendant THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole (erroneously sued as ARCHDIOCESE OF SAN FRANCISCO) hereby demands a jury trial.

DATED: February 9, 2023

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By: */s/ Peter O. Glaessner*
PETER O. GLAESSNER
Attorneys for Defendant
THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole (erroneously sued as ARCHDIOCESE OF SAN FRANCISCO)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

554694.1

9

ANSWER TO COMPLAINT; JURY DEMAND
3:22-CV-07130-LB